| | | | |
|---|---|---|---|
| Minute Order Form (06/97) | | | |

# United States District Court, Northern District of Illinois

55C

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4108 | **DATE** | 4/6/2004 |
| **CASE TITLE** | Darrell Branch vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Petitioner's Petition under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 4-7-04 date docketed | |
| ✓ | Docketing to mail notices. | | | 9 |
| ✓ | Mail AO 450 form. | | G-1 docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR 6 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DARRELL BRANCH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 03 C 4108

Hon. Harry D. Leinenweber

APR 6 7 2004

## MEMORANDUM OPINION AND ORDER

Petitioner Darrel Branch ("Branch"), *pro se*, petitions the Court under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his sentence. For the following reasons, his petition is denied.

### I. CASE HISTORY

A jury convicted Branch on one count of conspiracy to possess with intent to distribute narcotics pursuant to 21 U.S.C. § 846 and on two counts of money laundering pursuant to 18 U.S.C. § 1956. The Court sentenced Branch to 324 months on the conspiracy count and a concurrent sentence of 20 years for money laundering.

On May 14, 2001, the Seventh Circuit remanded the case for re-sentencing to correct an error in the calculation of Branch's criminal history. On February 11, 2002, the Court re-sentenced Branch to 292 months. Subsequently Branch filed a petition for certiorari with the United States Supreme Court, which the Supreme Court denied.

9

On June 16, 2003, Branch filed his § 2255 petition. Branch's petition asserts six discernable claims which Branch believes entitle him to relief under § 2255: (1) Branch's appellate counsel proved constitutionally ineffective in failing to argue the absence of Branch's name from the trial court's *Pinkerton* jury instruction; (2) Branch's trial counsel proved constitutionally ineffective in failing to request an instruction as to a finding of quantity and type of drug so that it could be established beyond reasonable doubt the degree or actuality of guilt and the appropriate maximum sentence to which Branch could be subjected; (3) Branch's appellate counsel proved constitutionally inadequate for failing to argue adequately the absence of any jury finding as to type or quantity of drug; (4) the Court committed plain error in sentencing Branch for quantities that were not found by the jury and which elevated the maximum penalties beyond the finding set forth by the jury; (5) Branch's trial counsel proved constitutionally ineffective in failing to object to the placement of listening devices on Branch's person when the Court's order only authorized the government to "install, remove and maintain listening devices in the visiting area"; and (6) appellate counsel failed to argue sufficiently a conflict between circuit courts, regarding the immediate sealing of surveillance tapes, on a writ of certiorari to the United State Supreme Court.

## II. STATEMENT OF FACTS

Larry Hoover, Tirenzy Wilson, Gregory Shell, Jerry Strawhorn, Adrian Bradd, Darrell Branch, Andrew Howard, and William Edwards, were charged and convicted in 1998 of numerous offenses relating to their participation in activities of the Gangster Disciples, a large and vicious street gang that sells large quantities of cocaine, heroin, and other drugs in Chicago. Petitioner Branch, although not a high-ranking member in the gang hierarchy, was nonetheless convicted by a jury of conspiracy, as charged in count one of the indictment, and money laundering, as charged in counts forty-one and forty-two of the indictment.

## III. DISCUSSION

### A. Timeliness of Petition

The government alleges that Branch is procedurally barred by the one-year period of limitation governing motions for collateral relief under 28 U.S.C. § 2255. Branch has, however, timely filed his claim for relief under § 2255. For purposes of the one-year period of limitation governing motions for collateral relief under 28 U.S.C. § 2255, "a defendant's conviction becomes 'final' when his petition for certiorari is denied." *Horton v. United States*, 244 F.3d 546, 550 (7th Cir. 2001). Here, the Supreme Court denied Branch's petition for certiorari on June 28, 2003. Since Branch filed his § 2255 motion June 12, 2003, he falls within the allotted time.

### B. Pinkerton

Branch contends that appellate counsel proved constitutionally ineffective because she failed on appeal to argue the absence of Branch's name from the trial court's *Pinkerton* jury instruction. Under *Pinkerton v. United States*, "every member of a conspiracy is substantively culpable for other conspirators' acts within the scope of the conspiracy." *United States v. Hoover*, 246 F.3d 1054, 1057-58 (2001)(citing *Pinkerton v. United States*, 328 U.S. 650 (1946)). The trial court instructed the jury as follows:

> A conspirator is responsible for the acts of any other member of the conspiracy if he was a member of the conspiracy when the act was committed and if the act was committed in furtherance of or as a natural consequence of the conspiracy.
>
> When persons enter into an agreement for an unlawful purpose, they become agents for one another, and are responsible for each others' actions and statements made during the existence of the conspiracy and in furtherance of its unlawful purpose.
>
> Therefore, if you find Larry Hoover, Gregory Shell, Andrew Howard, Jerry Strawhorn or Tirenzy Wilson, considered separately, guilty of the conspiracy charged in Count One and if you find beyond a reasonable doubt that while he was a member of the conspiracy, his fellow conspirators committed the offenses in any of Counts Three through Forty of the indictment, then you should find him guilty of any such count.

Although Count One also indicted Branch for conspiracy, the trial court mistakenly left his name out of the instruction. However, despite this innocuous absence of Branch's name, the jury

nevertheless found Branch guilty of conspiracy - along with the properly named defendants. Therefore, the inclusion of Branch's name in the *Pinkerton* instruction would not have changed this result. Accordingly, to the extent that appellate counsel erred by not arguing the absence of Branch's name from the *Pinkerton* instruction, his error was harmless.

### C. Apprendi

Branch also complains that while the jury found Branch guilty of the overarching conspiracy charged in Count One, the jury did not find Branch guilty on any of the specific drug charges contained in Counts Three through Forty of the indictment. Branch contends that because of the absence of a specific jury finding as to the kind and quantity of drugs attributable to Branch, he should have received a sentence no greater than the five-year term for a marijuana conviction, the statutory maximum without a finding of guilt beyond reasonable doubt as to any other drug. In failing to argue this, Branch claims that his trial and appellate counsel proved constitutionally ineffective.

Branch's argument lacks merit, as it fails to account for the doctrine of vicarious liability enshrined in conspiracy law. Under *Pinkerton*, Branch is "answerable for the crimes committed by the whole of [the Gangster Disciples]." *Pinkerton*, 328 U.S. at 1058. As recognized by the Seventh Circuit, the "[e]vidence in the record establishes beyond any doubt that the Gangster Disciples

distributed (much) more than 50 grams of crack daily." *Hoover*, 246 F.3d at 1058. Consequently, "there is no likelihood that any reasonable jury would have failed to find that each is culpable for more than 50 grams of crack." *Id*.

Since a mere five grams of crack would justify a sentence greater than the one Branch received, Branch cannot sustain his argument that the Court sentenced him excessively based on a finding of drug quantities not proved beyond a reasonable doubt, as required by *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). This is particularly so because *Apprendi* "does not require defendant-specific findings of drug type and quantity in drug-conspiracy cases." *United States v. Knight*, 342 F.3d 697, 710 (7th Cir. 2003). Therefore, to the extent that Branch's trial or appellate counsel's erred by not disputing the absence of a specific jury finding regarding the kind and quantity of drugs attributable to Branch, they committed only harmless error. Similarly, for this reason, the trial court did not commit plain error in sentencing Branch for the quantities found in relation to the conspiracy as a whole.

### D. Placement of Listening Devices on Branch's Person

Branch next alleges constitutionally ineffective assistance of counsel for counsel's failure to object to the placement of listening devices on Branch's person. The government's warrant provided that "to intercept the oral communications occurring at

the Visitor Areas located at the Vienna Correction Facility . . . [the government] may make all necessary surreptitious entries to effectuate the purposes of this order, including *but not limited to* entries to install, maintain and remove electronic listening devices within the Visitation Area located at the Vienna Correctional Facility." (emphasis added). Based on this language, the scope of the warrant does not preclude the use of wiretaps inside visitors' name-tags for the purpose of intercepting the oral communications occurring in the Visitor Areas of the Vienna Correction Facility. Indeed, Branch concedes that the government had authority under the warrant to monitor his conversations with Hoover in the visiting room. Branch does not argue that the government used conversations that occurred outside the visitor area, nor does the factual record support such a conclusion. As a result, this issue is moot.

### E. Writ of Certiorari

Finally, Branch contends that his appellate counsel proved constitutionally ineffective in failing to argue properly what Branch identifies as a conflict in the circuits over the government's alleged violation of 18 U.S.C. § 2518(a) when seeking Supreme Court review. As recognized in *United States v. Howell*, a defendant "in a direct criminal appeal has the right to have the continued representation of appointed counsel throughout the course of the appeal, including the filing of post-opinion pleadings in

the court of appeals and the filing of a petition for certiorari in the Supreme Court of the United States." 37 F.3d 1207, 1209 (1994). *Howell* deduces that this right exists from:

> 18 U.S.C. § 3006A (c), which provides: Duration and substitution of appointments. A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, including ancillary matters appropriate to the proceedings.
>
> 18 U.S.C. § 3006A (d)(6), which provides: Proceedings before appellate courts. If a person for whom counsel is appointed under this section appeals to an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefore and without filing the affidavit required by Section 1915(a) of Title 28.
>
> Rule 44(a), FED. R. CRIM. P., which provides: Right to Assigned Counsel. Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent that defendant at every stage of the proceedings from initial appearance before the federal magistrate judge or the court through appeal, unless the defendant waives such appointment.
>
> Circuit Rule 4, which states: Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal unless specifically relieved by the court of appeals upon a motion to withdraw for good cause.

*Id.* As shown above, this right to counsel is a statutory right, not a constitutional right. Therefore, the Court questions whether Branch even has standing to raise an ineffective assistance of

counsel claim. *See Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000)("[W]here there is no constitutional right to counsel there can be no deprivation of effective assistance."). However, the Court does not reach this issue because it finds that, even if Branch was entitled to effective assistance of counsel on his writ of certiorari to the United States Supreme Court, this claim would lack merit.

Branch bases his claim for ineffective assistance on the Seventh Circuit's decision not to suppress his taped conversations with Hoover under 18 U.S.C. §2518(8)(a). §2518(8)(a) requires that courts seal taped conversations "immediately upon the expiration of the period of the order," to "protect the recording from editing or other alterations." *Id.* Here, the Seventh Circuit agreed with Branch that since the government waited 32 days after the expiration of the surveillance warrant to seal the tapes, it waited "much too long to qualify as an immediate sealing." *United States v. Jackson*, 207 F.3d 910, 915 (7th Cir. 2000). However, the Seventh Circuit went on to find that, as permitted by § 2518(8)(a), the government provided a satisfactory explanation for its delay – the government's legitimate belief that its technicians would complete work on a new bugging device shortly. *Id.* at 918. Therefore, to identify a circuit split Branch must show that another circuit would have found the government's explanation for the delay inadequate. Branch fails to do so. Indeed, Branch fails

to cite any case law whatsoever to substantiate his claim of a circuit split on this issue. Instead, he merely points to *Jackson's* internal citation to other circuits. In doing so, Branch fails to understand that *Jackson* cited these cases not as evidence of a circuit split, but rather to support its contention that the government waited too long for an "immediate seal." Branch's case law, far from demonstrating a circuit split, shows only circuit concurrence on the question of whether the government could "immediately seal" the tapes. These cases do not even discuss, much less inform or dispute, whether the type of explanation proffered by the government in Branch's case would qualify as "satisfactory."

Therefore, given the lack of any apparent circuit split, and the Supreme Court's discretionary review, it is wild speculation to presume the Supreme Court would have granted certiorari to Branch on this issue. Accordingly, Branch once again fails to demonstrate that he suffered the prejudice necessary to sustain a claim of ineffective assistance of counsel.

### III. CONCLUSION

For the reasons stated herein, Petitioner's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. **IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: April 6, 2004

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

Darrell Branch                      **JUDGMENT IN A CIVIL CASE**

    v.                                    Case Number: 03 C 4108

United States of America

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Petitioner's Petition to Vacate, Set Aside, or Correct Sentence is denied.

Michael W. Dobbins, Clerk of Court

Date: 4/6/2004

Wanda Parker, Deputy Clerk