| | |
|---|---|
| Minute Order Form (06/97) | |

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4108 | **DATE** | 9/2/2004 |
| **CASE TITLE** | Darrell Branch vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies Branch's motion for issuance of a Certificate of Appealability and grants his motion to proceed in forma pauperis.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 3 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 13 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | 2004 SEP -2 PM 4:13 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

FILED
SEP 2 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRELL BRANCH,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 03 C 4108<br><br>Hon. Harry D. Leinenweber |



## MEMORANDUM OPINION AND ORDER

In 1998, Petitioner Darrell Branch (hereinafter, "Branch") was convicted on one count of conspiracy to possess with intent to distribute narcotics pursuant to 21 U.S.C. § 846 (2000), and two counts of money laundering pursuant to 18 U.S.C. § 1956 (2000). The Court sentenced Branch to 324 months imprisonment on the conspiracy count and imposed a concurrent sentence of 20 years imprisonment on the money laundering counts.

In June 2003, Branch filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (2000), asserting six discernable claims for relief: (1) Branch's appellate counsel proved constitutionally ineffective in failing to argue the absence of Branch's name from the trial court's *Pinkerton* jury instruction; (2) Branch's trial counsel proved constitutionally ineffective in failing to request an instruction as to a finding of quantity and type of drug so that Branch's guilt could be established beyond a reasonable doubt, and the appropriate maximum sentence that Branch could receive

13

ascertained; (3) Branch's appellate counsel proved constitutionally inadequate for failing to argue adequately the absence of any jury finding as to type or quantity of drugs; (4) the Court committed plain error in sentencing Branch for quantities that were not found by the jury, and which elevated the maximum penalties beyond the finding set forth by the jury; (5) Branch's trial counsel proved constitutionally ineffective in failing to object to the placement of listening devices on Branch's person when the Court's order only authorized the government to "install, remove and maintain listening devices in the visiting area"; and (6) appellate counsel failed to argue sufficiently a conflict between circuit courts, regarding the immediate sealing of surveillance tapes, on a writ of certiorari to the United State Supreme Court. This Court denied Branch's petition on April 6, 2004. *Branch v. United States*, No. 03 C 4108, 2004 U.S. Dist. LEXIS 5836, at *13 (N.D. Ill. April 6, 2004).

Presently before the Court are Branch's Motion for Issuance of a Certificate of Appealability (the "COA") pursuant to 28 U.S.C. § 2253 (2000) and his motion to proceed *in forma pauperis*. For the following reasons, Branch's motion for issuance of a COA is denied and his motion to proceed *in forma pauperis* is granted.

## I. DISCUSSION

### A. Motion for Issuance of a COA

Branch appears to seek a COA for all of the claims presented in his § 2255 petition and rejected by the Court. The Court will consider each of them in turn.

### *1. Pinkerton Instruction*

Branch contends that his appellate counsel was ineffective because she failed to argue the absence of Branch's name from the Court's *Pinkerton* jury instruction. To show a violation of the Sixth Amendment right to counsel, a defendant must establish that his counsel's performance was deficient to the extent that it fell below an objective standard of reasonableness and that this deficient performance deprived him of a fair trial with a reliable result. *See Strickland v. Washington*, 466 U.S. 668, 688, 691 (1984).

In Branch's case, the Court omitted Branch's name from the *Pinkerton* instruction in this case because, although Branch was charged in count one for participating in the conspiracy, he was not charged with any of the substantive counts to which the *Pinkerton* instruction applied. As Branch's conspiracy and money laundering convictions did not depend on a *Pinkerton* theory of liability, a Pinkerton instruction was not required for them. *See United States v. Elizondo*, 920 F.2d 1308, 1317 (7th Cir. 1990). Thus, no rational jurist would conclude that the inclusion of Branch's name in the *Pinkerton* instruction could have changed the result of either Branch's trial, or his § 2255 petition. Branch's claim would have been rejected on direct appeal just as it was in the disposition of his § 2255 petition. Accordingly, the Court denies Branch's request for a COA as to this claim.

## 2. *Apprendi* Claims

Branch also alleges ineffective assistance of both trial and appellate counsel, and plain error by this Court, because he received a sentence greater than the five-year statutory maximum that applies to convictions for marijuana conspiracies without a specific jury finding as to the kind and quantity of drugs attributable to him. However, all six circuit courts considering the required content of a jury instruction in a multi-defendant drug conspiracy case under *Apprendi*, including the Seventh Circuit, have held that *Apprendi* does not require defendant-specific findings of drug type and quantity in a multi-defendant drug conspiracy case and only requires a finding beyond a reasonable doubt as to the amount and type of drugs attributable to the conspiracy as a whole to justify a sentence above the default statutory maximum. *United States v. Knight*, 323 F.3d 697, 710-12 (7th Cir. 2003); *United States v. Stiger*, 371 F.3d 732, 737-38 (10th Cir. 2004); *United States v. Phillips*, 349 F.3d 138, 143 (3d Cir. 2003); *United States v. Allen*, 65 Fed. Appx. 476, 480-81 (4th Cir.)(unpublished opinion); *United States v. Turner*, 319 F.3d 716, 722-23 (5th Cir. 2003); *Derman v. United States*, 298 F.3d 34, 42-43 (1st Cir. 2002). Given the consensus among circuit courts that *Apprendi* does not require defendant-specific findings of drug type and quantity in drug conspiracy cases and the Seventh Circuit's previous rejection of *Apprendi* arguments in this case, *see Hoover*, 246 F.3d at 1058, the Court concludes that a reasonable jurist would

not consider its denial of Branch's *Apprendi* claims debatable or wrong. Accordingly, Branch's request for a COA for his *Apprendi* claims is denied.

### 3. *Placement of Listening Devices on Branch's Person*

In his motion for issuance of a COA, Branch briefly alludes to the claim he made in his § 2255 petition that his trial counsel was constitutionally ineffective because he failed to object to the placement of listening devices on Branch's person as outside of the scope of the warrant authorizing the surveillance, but makes no argument as to why this Court's opinion in his habeas petition was questionable or wrong. When a petitioner makes no argument why another court would reach a different conclusion than that reached in the disposition of the § 2255 petition, as is the case here, a court should not issue a COA. *See United States v. Moore*, No. 03 C 7303, 2004 U.S. Dist. LEXIS 4099, at *3-*4 (N.D. Ill. Mar. 15, 2004). Therefore, Branch's request for a COA as to this claim is denied.

### 4. *Sealing of Wiretap Tapes*

Branch alleges that his appellate counsel was constitutionally ineffective because he failed to argue a circuit split regarding the immediate sealing of surveillance tapes as required by 18 U.S.C. § 2518(8)(a)(2000) when seeking Supreme Court review. Although the government did not immediately seal the surveillance tapes at issue in this case, three separate panels of the Seventh Circuit have rejected § 2518(8)(a) challenges to this precise wiretap. *Hoover*, 246 F.3d at 1057; *United States v. Wilson*, 237 F.3d 827, 831 (7th

Cir. 2001); *United States v. Jackson*, 207 F.3d 910, 918 (7th Cir.), *vacated on other grounds and remanded by* 531 U.S. 953 (2000), *reinstated by* 236 F.3d 886 (7th Cir. 2001). In its disposition of Branch's § 2255 petition, this Court concluded that there was not a circuit split affecting this issue, *Branch*, 2004 U.S. Dist. LEXIS 5836, at *12-*13, and no circuit split has developed since this Court's ruling in *Branch*. To support his position that reasonable jurists could disagree about whether the surveillance tapes in this case were admissible under § 2518(8)(a), Branch erroneously relies on Judge Rovner's concurrence in *Hoover* that, while questioning the Seventh Circuit's reasoning in rejecting § 2518(8)(a) challenges to this wiretap, concludes that the wiretap comported with § 2518(8)(a) under the law of the Seventh Circuit. *Hoover*, 246 F.3d at 1065 (Rovner, J., concurring). Thus, Branch has not presented and case law or argument showing how any reasonable jurist can disagree with this Court's opinion. Accordingly, the Court denies Branch's request for a COA as to this claim.

### 5. *Content of Surveillance Transcripts*

In his motion for issuance of a COA, Branch appears to argue that the surveillance transcripts were unintelligible and that the government inappropriately included words in the transcripts of the surveillance tapes that served its case and did not accurately reflect what was said. As this issue was not asserted as a ground for § 2255 relief, Branch is not entitled to a COA on it. *See Garrett v. United States*, 211 F.3d 1075, 1077 (8th Cir. 2000).

### *6. Blakely Supplement*

Branch has also filed a supplement to his petition citing *Blakely v. Washington,* 124 S. Ct. 2531 (7th Cir. 2004) and *United States v. Booker,* 375 F.3d 508 (7th Cir. 2004).

Unfortunately for Branch, the Seventh Circuit has already rejected extending the holding of *Booker* to cases up on collateral review pursuant to § 2255. *Simpson v. United States,* 376 F.3d 679 (7th Cir. 2004). *Simpson* did however dismiss its petitioner's *Blakely/Booker* argument without prejudice, noting that the Supreme Court has yet to decide whether or not *Blakely* applies to habeas petitions. *See id.* Therefore, Branch's *Blakely* argument is denied without prejudice, to be refiled only if the Supreme Court announces that *Blakely* also applies to cases on collateral review. The remainder of Branch's COA is denied in its entirety.

### B. Motion to Proceed *In Forma Pauperis*

As a threshold matter, an appeal may not be taken *in forma pauperis* if the court determines that the appeal is not in good faith. 28 U.S.C. § 1915(a)(3)(2000). As described above, the Court has determined that Branch's appeal is without merit and has denied a COA. However, the standard governing the issuance of a COA is more demanding than the standard for determining whether an appeal is in good faith for the purposes of taking an appeal *in forma pauperis*. *Walker v. O'Brien,* 216 F.3d 626, 631-32 (7th Cir. 2000)(en banc). To conclude that an appeal is in good faith, "a court need only find

that a reasonable person could suppose that the appeal has some merit." *Walker*, 216 F.3d at 232 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). Thus, a petitioner may proceed *in forma pauperis* even after the district court has denied issuance of a COA because it found the appeal to be meritless. *See Malletta*, 2002 U.S. Dist. LEXIS 60, at *8; *see also Walker*, 216 F.3d at 632 (concluding that an appeal can be taken in good faith even though a COA is denied).

Given the reduced burden for an appeal to be considered in good faith for the purposes of proceeding *in forma pauperis*, courts have held that an appeal is in good faith in cases where the court has denied issuance of a COA and the petitioner has asserted procedurally defaulted claims and failed to offer any argument that the court's denial of an ineffective assistance of counsel claim is debatable among jurists of reason. *See Maletta*, 2002 U.S Dist. LEXIS 60, at *8. In the instant case, the Court believes that although Branch's claims are meritless, they have been raised in good faith. Furthermore, Branch has complied with all the procedural requirements required by Rule 24(a)(1) of the Federal Rules of Appellate Procedure to obtain leave to take his appeal *in forma pauperis*. Thus, the Court grants Branch's motion to proceed *in forma pauperis*.

When a petitioner is allowed to proceed *in forma pauperis*, the court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of the average monthly deposits to

the prisoner's account; or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint or notice of appeal. § 1915(b)(1). On the date of his declaration, Branch did not have sufficient funds in his prison account to cover filing fees for his appeal. Thus, the installment provisions of § 1915 are applicable. *See United States v. Smith*, No. 01 C 1540, 2002 U.S. Dist. LEXIS 15155, at *2 (N.D. Ill. Aug. 14, 2002). Based on the average monthly deposits to his account, the 20% initial payment comes to $33.63.

## II. **CONCLUSION**

For the above reasons, the Court denies Branch's motion for issuance of a COA and grants his motion to proceed *in forma pauperis*. **IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: September 2, 2004